issues that there might be, as a practical matter, circumstances that inhibit or prevent a registration. And so it puts, it just puts the burden on the defendant to demonstrate those circumstances. Can I just return to the question, actually, about the voluntariness finding? So I found what I was thinking of. It's in the acceptance of the plea and the stipulation before the sentencing. It said, the district court said, because the travel in this circumstance was an unescorted travel via public transportation pursuant to a request of furlough, I find that the requirement of interstate travel, including any not knowing or voluntariness required, is met here. Because I thought the defendant was careful not to say voluntary in his stipulation. Am I wrong about that? You're not wrong, Judge. The defendant did not stipulate that his travel was voluntary. However, he stipulated to it a set of facts reflected in documents that were in evidence at the bench trial that Judge Atkin relied on in finding that the government had met its burden of proof, including with respect to any voluntariness requirement that the court would impose. And that was as to the scienter aspect of the violation of the statute, right? So I think that there's some back and forth in the briefing about whether this voluntariness requirement relates to scienter or a more core criminal law principle about a voluntariness requirement generally. I think the party's argument shifted below, and so Judge Atkin did have a finding that related to scienter, in that he said there is no such requirement on the travel element because any scienter requirement relates to the knowing failure to register after the travel. Thank you. Thank you very much. Thank you, Your Honor. Just briefly, again, our argument is legal based on the plain language of the statute. One does not travel when they're in Bureau of Prisons custody. The Bureau of Prisons is not a travel agency. As I'm sure members of this court are aware, not even district court judges can control where an individual is housed when they're in Bureau of Prisons custody. I'm assuming the use of the word travel is to be contrasted with moves across state lines. Yes. Is that right, that it implies some notion of voluntariness? Yes. And in addition to the common... Weren't you asked to go to a particular halfway house in New York? Yes. And so I... Isn't that different, though? There are a couple of points... Going on a Greyhound bus without any escort, isn't that a little different than moving from Atlanta to Leavenworth? As a legal matter, no, Your Honor. And in fact, the government's making an argument that has been made by defendants who are charged with escape from federal custody when they walk away from halfway houses and been rejected by every court who's considered it. He was in legal custody when he went to the halfway house. He remained in legal custody when he was in the halfway house. That's absolutely true, but they didn't pick for him. They left him to choose the way he by taxi or bus, so they didn't tell him exactly how he had to travel. He made some choices as to how he traveled, didn't he? No, and that's an important factual clarification, so thank you for asking. On page 6, footnote 3 of our brief, this is a misstatement the government's repeatedly made. Mr. Gundy did not request this furlough. That page addresses... You have a BOP policy statement as well as a Department of Justice report that explained that transfer furloughs are initiated by the have prisoners fill out a piece of paper called a furlough application, which is the piece of paper that's in evidence here, but it is initiated by the Bureau of Prisons, and the inmate himself has no control over how he travels as a matter of request or how he travels from one facility to another. And why isn't this precisely the kind of case, though, that Sorender was intended to reach where someone is moved or moves across state lines and then can be more easily lost to the registration authorities and put the public at risk? Because as the Attorney General explained in the SMART guidelines, Sornder generally presupposes that when an offender is in any form of custody, there is a better system of locating and monitoring them because the custodial body keeps track of where they are, and so as he explained in the SMART guidelines, Sornder's registration requirements were not meant to track individuals in custody, which is the same reason why individuals are not required to update their registration while they're in custody. Thank you. Thank you very much. Thank you. Thank you all.